GLOVER v. GLOVER.

1. ESTOPPEL—PARTITION.—Participation in proceedings by an administrator to marshal the assets of the estate, in which a homestead is set off to the widow and children, does not estop the participants to deny the widow's right to demand partition of the land set off as a homestead.

2. PARTITION OF HOMESTEAD.—The widow of a deceased intestate, having taken dower in the lands of which her husband died seized and possessed, cannot maintain an action for partition, against intestate's children, of the homestead set apart to her and them.

Before BENET, J., Edgefield, February 5, 1895. Affirmed.

This was an action brought, in March, 1894, by Mrs. C. F. Glover against John Glover, Wiley Glover, and Mitchell Glover, seeking partition of a homestead set apart to them as the widow and children of Mitchell Glover. Judgment for defendants. Plaintiff appeals.

*Messrs. Croft* and *Tillman,* for appellant.

*Messrs. Folk & Folk, N. G. Evans,* and *J. Wm. Thurmond,* contra.

Sept. 9, 1895. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. It appears from the records in this case that Mitchell Glover, on the 19th of April, 1875, departed this life intestate, being seized and possessed of a considerable amount of land, and leaving as his heirs at law his widow, the plaintiff herein, and four children, the defendants herein. Soon after his death, his administrator instituted proceedings to which all the parties herein were made parties, to marshal the assets of his estate. Under those proceedings the widow set up her claim of dower in her deceased husband's land, and her claim was allowed; and accordingly a tract of 300 acres of land was set off to her as her dower. Another tract of land, containing 200 acres, which is the subject matter of the present action, was also set off to the widow and children as their homestead. Some time in March, 1894, the present action was instituted, in which partition of the homestead tract is demanded, and an account from the defendant, John Glover, of the rents and profits of said land, it being alleged that the said John Glover had rented said land for the year 1893, "agreeing to pay his cotenants as rent therefor the sum of $459, and that he is still in posession of part of said premises." The defendant, John Glover, answered, denying the plaintiff's right to partition, substantially, upon the ground that she, having elected to claim, and having accepted her dower in the lands of which her husband died seized and possessed, under the proceedings above referred to, is barred from claiming any

share or interest in the homestead tract of land as one of the heirs at law of the said intestate. Wiley Glover, another of the defendants, filed no answer, and, so far as appears, makes no resistance to the claim for partition; and the other two defendants, being minors, submit their rights to the protection of the Court.

The parties having waived the right to a trial by jury, the case was heard by his Honor, Judge Benet, who rendered judgment sustaining the defense set up by the answer of John Glover, holding that plaintiff, by electing to take dower, had barred her right to take a distributive share of her husband's estate, and was, therefore, not entitled to demand partition. From this judgment plaintiff appeals, upon the several grounds set out in the record, which need not be repeated here, as they present, substantially, but two questions: 1st. Whether the defendants are estopped by the proceedings heretofore referred to from questioning the rights of the plaintiff in the tract of land set off as a homestead under said proceedings. 2d. Whether the plaintiff, by electing to take dower, has barred herself of the right to claim a distributive share of her husband's estate as one of his heirs at law.

As to the first question, it might be sufficient to say, that it does not appear that any such question was either presented to or considered by the Circuit Judge; at all events, no allusion is made to it in his decree, which appears to be set out in full in the "Case." But, waiving that, we do not think the position taken by appellant's counsel can be sustained. The only question as to homestead presented in the previous proceedings to marshal assets was whether plaintiff and her children were entitled to the homestead exemption, and those proceedings must be regarded as conclusive of that question. No question was there presented (and, so far as we can see, could not then have arisen) as to the nature or extent of the rights of plaintiff in the land set apart as a homestead exemption. Here, however, a totally different question is presented:

whether the plaintiff, as one of the heirs at law of her deceased husband, can claim her distributive share in that land, and demand partition of the same, for the purpose of enjoying her share in severalty. The judgment appealed from only denies her right to partition, and does not in any way impinge upon her right, along with her children, to continue in the use and occupancy of the land as a homestead; for, as was said in *Horsford* v. *Winn*, 22 S. C., at page 312, "the homestead does not change title or create new estates; it simply takes property as it finds it, and, carving out a portion, exempts it for the time being from levy and sale, and, marking it 'homestead,' puts the debtor, or his widow and children, as the case may be, in possession, with the right to hold against all comers. It is a mere protective possession," &c. That case going to hold that such an interest could not be levied on and sold by the sheriff. We do not understand, therefore, that the present case involves any question as to the right of plaintiff, with her children, to remain in the enjoyment of this "protected possession;" the only question here involved being whether the plaintiff has such a legal interest or estate in the premises in question, as one of the heirs at law of her deceased husband, as entitles her to demand partition of said premises.

As to the second question, we agree with the Circuit Judge that the plaintiff, by accepting her dower in the real estate of her deceased husband, has barred her right to claim a distributive share of his estate, as one of his heirs at law. While it is quite true that the statute which was in force at the time (Rev. Stat. of 1872, p. 441, chap. 85, sec. 10), like a similar provision in the act of 1791, does not, in express terms, declare that the acceptance of dower shall bar the widow's claim to a distributive share as heir at law, but simply declares that the acceptance of a distributive share will bar the claim of dower, yet it was settled by the case of *Buist* v. *Dawes*, 3 Rich. Eq., 281, cited by the Circuit Judge, and recognized

in *Evans* v. *Pierson*, 9 Rich., at page 12, that "the right to dower or thirds is made convertible by the statute of 1791; and both being legal rights proceeding to the wife, if she takes one, her legal right to the other perishes," or, as it is expressed by Dunkin, Ch., in his circuit decree in *Buist* v. *Dawes*: "Although the statute declares that the provision therein made for the widow (her distributive share) shall, if accepted, be in lieu and bar of dower, yet the correlative proposition is not put. Nor was it necessary. It stands upon the acknowledged principles of this Court. A party claiming dower would thereby disturb the arrangements of the statute, and *quod hoc* frustrate its provisions. Equity will not permit this, but will put the party to her election." ·

There is no decision in this State, so far as we are informed, which in anywise conflicts with the case of *Buist* v. *Dawes*, *supra*. The cases of *Horsford* v. *Wynn*, 22 S. C., 309, and *Calmes* v. *McCracken*, 8 S. C., 87, simply recognize the right of a widow to claim both dower and homestead out of her deceased husband's estate, but neither of these cases touch the question as to the nature of the widow's interest in the land set apart as homestead, or rather the question, presented in the case now under consideration, as to whether the widow has such a legal estate in the land assigned as a homestead as would entitle her to demand partition thereof. In *Yoe* v. *Hauvy*, 25 S. C., 94, the question was presented whether land, which had been set apart to the widow as a homestead, could be partitioned, at the instance of adult children, not living on the homestead with the widow, and the majority of the Court denied the claim for partition, notwithstanding the· provisions of the fourth section of the act of 1873, 15 Stat., 371, incorporated in the Gen. Stat. of 1882, sec. 1997, now to be found in sec. 2129 of the Rev. Stat. of 1893, which is in these words: "If the husband be dead, the widow and children, if the father and mother be dead, the children living on the homestead, whether any or all of such children be

minors or not, shall be entitled to have the family home-
stead exempted in like manner as if the husband or par-
ents were living; and the homestead so exempted shall be
subject to partition among all the children of the head of
the family in like manner as if no debts existed; provided,
that no partition or sale in that case shall be made until
the youngest child becomes of age, unless, upon proof sat-
isfactory to the Court hearing the case, such sale is deemed
best for the interests of such minor or minors." The con-
clusion in that case seems to have been reached, or, at least,
may possibly be best supported, upon the theory that the
homestead provision having been made for the benefit of
the family, in order to secure to them a home, a partition
of the land assigned as a homestead during the life of the
widow and the minority of the children might have the
effect of defeating, or, at least, impairing, the benefits de-
signed to be secured by this beneficent provision. Be that
as it may, however, that case is now referred to mainly for
the purpose of calling attention to the fact that the statu-
tory provision above quoted does not seem to contemplate
any partition at the instance of the widow, for the language
is: "and the homestead so exempted shall be subject to
partition among *all the children* of the head of the family,"
without mentioning the widow as one of the participants
in the partition. It may be that the real intent of the
Legislature was that the land assigned as a homestead
should be kept together for the joint use and occupation of
the family, during the life of the widow, not subject to par-
tition until her death, and not then if any of the children
were minors, unless it was proved to the satisfaction of the
Court that a partition or sale would be best for the interest
of such minors, when the property should be equally divided
amongst "*all of the children.*" If this view be sound, it
would afford additional ground in support of the conclu-
sion reached by the Circuit Judge denying the plaintiff's
right to partition in this case.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

Petition for rehearing was filed September 18, 1895, and remittitur stayed. The petition was refused October 11, 1895, on the ground that the Court had not overlooked, in the consideration of the case, any material point of law or fact.