## KENNEDY v. KENNEDY.

HOMESTEAD—PARTITION—DOWER.—A widow having demanded and accepted dower in her husband's lands, and having had homestead also therein asisgned to her and her infant children, is not entitled to a distributive share in the homestead lands, and has no right to retain the possession of them as a place of residence for herself against the right of partition amongst the children after the youngest attains his majority. That widow made improvements on homestead lands does not affect it.

Before KLUGH, J., Spartanburg, December, 1905. Affirmed.

Action by J. P. Kennedy *et al.* against Mary E. Kennedy. From Circuit decree, defendant appeals.

*Mr. Stanyame Wilson,* for appellant, cites: 54 S. C., 208; 45 S. C., 51; Code 1902, 2629.

*Messrs. Sanders & DePass,* contra, cite: 57 S. C., 521; 54 S. C., 213; 64 S. C., 489. *As to estoppel:* 42 S. C., 351; 13. S. C., 370; Big. on Est., 450.

July 16, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. In October, 1887, one J. L. Kennedy departed this life, intestate, survived by his widow, Mary E. Kennedy, and his children, Lucy Holder, J. P. Kennedy, David Kennedy, Henry Kennedy, Mrs. Mary Hood and Mrs. Bessie Hayes, as his distributees and heirs at law. The intestate died possessed of the following real estate, to wit: the tract known as the home place, consisting of about 410 acres; and other lands, in amount about 290 acres. Letters of administration upon the estate of the intestate were granted to one J. W. Cunningham. Proceedings were had by which the lands were sold to pay debts to which all of the heirs at law were made parties.

An application for homestead was made and granted to the widow and children, who were all minors, and 280 acres of the tract known as the "home place" was set off as the homestead for the widow and minor children, while at the same time the dower of the widow, Mary E. Kennedy, in all the lands of her late deceased husband, were assessed and confirmed to her by the Court, consisting of, among other things, 130 acres of land, and she was and has always been in possession thereof. She and her minor children living upon the homestead. Some improvements were made by her and her children upon the homestead tract.

Lucy Holder departed this life intestate in 1895, leaving her husband, R. G. Holder, and her infant children, Annie Florence Holder, Johnnie Holder and Aida Holder, as her sole distributees and heirs at law. But before her death the said Lucy Holder executed to H. E. Ravenel several mortgages upon her interest in the homestead tract of land, and at least a portion of these mortgages has been paid to and assigned by the said H. E. Ravenel to the said Mary E. Kennedy, who holds the same.

All the children of the said J. L. Kennedy, deceased, have reached the age of twenty-one years and are now living away from the said homestead tract of land, excepting one son,

David Kennedy, who although twenty-one years of age still lives with his mother. The children are desirous of a partition amongst themselves of said homestead tract of land.

In February, 1905, a complaint was filed by the said J. P. Kennedy, David Kennedy, Mary Hood, Henry Kennedy and Bessie Hayes, and also R. G. Holder, Annie Florence Holder, Johnnie Holder and Aida Holder—the last three by guardian *ad litem,* as plaintiffs, against Mary E. Kennedy and H. E. Ravenel, as defendants—praying for a partition of said 280 acres of land amongst the children of said J. L. Kennedy, deceased. At one time Mary E. Kennedy consented to such partition, but she afterwards, by her answer, claimed a share in said partition as an heir at law and distributee of the estate of her husband, J. L. Kennedy. The matters in dispute were referred to J. J. Burnett as master, under the order thereof of his Honor, Judge Watts, on March 1st. 1905.

The master reported, after a full hearing of witnesses on all sides, in favor of the partition amongst the children and the heirs at law of Lucy Holder, subject to the share of the said Lucy Holder being held liable for the mortgage debts held by Ravenel and Mary E. Kennedy. Judge J. C. Klugh, as Circuit Judge, affirmed said report. From this decree the defendant, Mary E. Kennedy, appealed on the three following grounds which we will examine in their order:

I. "That his Honor erred in holding that by accepting dower which was assigned to her, she barred herself from claiming an interest in the homestead—even the right to live thereon—such holding being a denial of her right under the Constitution and homestead statute." The case of *Glover* v. *Glover,* 45 S. C., 51, 22 S. E., 739, decides that "The widow of a deceased intestate having taken dower in the lands of which her husband died seized and possessed, can not maintain an action for partition against intestate's children, of the homestead set apart to her and them." The case of *Saunders* v. *Strobel,* 64 S. C., 489, 490, decides "that the

children of other heirs at law of an estate have the right to partition while the widow is alive." The last decision quoted would have absolutely concluded the defendant, Mary E. Kennedy, of her contention herein if the said plaintiff, Amander Strobel, had not received a distributive share of Jack Floyd's estate, but had accepted dower in lieu of the same. Instead of this, however, Amander Floyd appeared before the Court as an heir at law of the estate of her deceased husband, Jack Floyd.

Section 2629 of our Civil Code, holds: "And the homestead so exempted shall be subject to partition among all the children of the head of the family in like manner as if no debts existed: *Provided,* That no partition or sale in that case shall be made until the youngest child becomes of age unless, upon proof satisfactory to the Court hearing the case, such sale is deemed best for the interest of such minor or minors." This exception is, therefore, overruled.

II. "That he erred in not holding that by the homestead proceedings she acquired an interest in the homestead which was recognized by all the parties hereto up to and after the commencement of this action, upon faith of which she made the improvements shown in the testimony reported herein; and that they are thereby estopped from now denying her right in said homestead." We do not think that the setting apart of this homestead while the defendant, Mary E. Kennedy, was a party thereto can prevent the partition asked for in this case. The testimony shows that any and all improvements made upon said homestead were by the joint labor of the widow and children upon said homestead and from the proceeds of crops sold therefrom. The two cases hereinbefore cited in this opinion are conclusive, we think, of this question against the defendant, Mary E. Kennedy. It appears that Mary E. Kennedy was at best only a volunteer in any contribution she made in the improvements put upon said homestead, and elected of her own free will to make such improvements. This ground of appeal is overruled.

III. "That he erred in not holding that under the Constitution and statute law of the State, she and her children—the children of the deceased J. L. Kennedy—parties thereto, are entitled to live upon and enjoy the homestead set off and assigned to her and the children in 1888, and that she can not be deprived of her portion of such right of enjoyment and possession by partition of the land, either in kind or by sale; for thereby she would be ousted from and deprived of all interest in and enjoyment of the homestead so regularly adjudged to her and her children and formally set off to them, because of the fact of her having taken dower in the estate of her husband, which fact would in partition deprive her of her distributive share in the premises or of the proceeds of the sale thereof; and consequently the right of the children to partition has not yet accrued and the action is premature."

It must be remembered that no creditor or creditors is, or are, seeking to invalidate the homestead. That the widow, Mary E. Kennedy, of her own free will, no longer appears as an heir at law of her deceased husband's estate.

As was held in *Horsford* v. *Wynn*, 22 S. C., 309, 312: "The homestead does not change title or create new estates; it simply takes property as it finds it, and carving out a portion, exempts it from levy and sale, and marking it 'homestead,' puts the debtor or his widow and children, as the case may be, in possession, with the right to hold against all comers. It is a mere protected possession."

The case of *Glover* v. *Glover, supra*, p. 55, holds: "That the right to dower or thirds, made convertible by the statute of 1791, and both being legal rights proceeding to the wife, if she takes one; her legal right to the other perishes," quoting *Buist* v. *Davis,* 3 Rich. Eq., 281, in support thereof. It will appear, therefore, that the widow cannot be considered an heir at law of the homestead lands, but that only the children of the deceased, J. L. Kennedy, so appear. This exception must be overruled.

35—74

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and in accordance with the Circuit decree, this case must be remanded to the Circuit Court of Spartanburg for the proceedings therein recommended touching the share of the said Lucy Holder.